UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JERRY LYNN CRAWFORD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No.: 3:16-cv-297-TAV |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Presently before the Court is a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [Doc. 1] filed by Jerry Lynn Crawford ("Petitioner") seeking to challenge his classification as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). For the following reasons Petitioner's § 2255 motion [Doc. 1] will be **DENIED**, and this action will be **DISMISSED WITH PREJUDICE**.

I.     **PROCEDURAL BACKGROUND**

On February 20, 2009, Petitioner pled guilty to two counts of possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1), one count of possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c), and one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) [Doc. 22 at No. 3:07-cr-153].

A presentence investigation report ("PSIR") identified three previous Tennessee state-court convictions for a violent felony, committed on occasions different from one another, that qualified petitioner as an armed career criminal under the ACCA: two for other-than-a-habitation burglary, and one for aggravated burglary [PSIR ¶¶ 27, 34–36]. On August 18, 2009, Petitioner was sentenced as an armed career criminal to a total term of imprisonment of 248 months [Doc. 26 at No. 3:07-cr-153], later reduced to a total term of imprisonment of 136 months [Doc. 33 at No. 3:07-cr-153].[1] Petitioner did not appeal.

On June 6, 2016, Petitioner filed a § 2255 motion [Doc. 1] challenging his armed-career-criminal classification and sentence under *Johnson*, in which the Supreme Court determined that the residual clause of the ACCA is unconstitutionally vague in violation of the Due Process Clause. 135 S. Ct. at 2563.

## II.   LEGAL STANDARD

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *McPhearson v. United States*, 675 F.3d 553, 558-59 (6th Cir. 2012) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher

---

[1] The Bureau of Prisons' inmate locator indicates that Petitioner was released from his incarceration sentence on November 9, 2017. He is currently serving the 5-year term of supervised release imposed on February 20, 2009 [Docs. 26, 33 at No. 3:07-cr-153]. Because Petitioner is currently serving a term of supervised release, the Court assumes that she is "in custody" for purpose of the instant motion. *See, e.g., United States v. Zack*, 173 F.3d 431, 1999 WL 96996 at, *1 (6th Cir. February 1, 1999).

hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III. ANALYSIS

A felon who possesses a firearm normally faces a maximum penalty of 10 years' imprisonment, 18 U.S.C. § 924(a)(2), and 3 years' supervised release, 18 U.S.C. 3559(a)(3) and 3583(b)(2). However, if that felon possesses the firearm after having sustained three previous convictions "for a violent felony or serious drug offense, or both," the ACCA requires a 15-year minimum sentence, 18 U.S.C. § 924(e)(1), and increases the maximum supervised release term to 5 years, 18 U.S.C. §§ 3559(a)(1) and 3583(b)(1). The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or, (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court determined that the residual clause of the ACCA is unconstitutionally vague and concluded "that imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. However, *Johnson* did not invalidate "the remainder of the Act's definition of a

3

violent felony." *Id*. Thus, for a § 2255 petitioner to obtain relief under *Johnson*, he must show that his ACCA-enhanced sentence necessarily was based on a predicate violent felony that qualified as such only under the residual clause. *Potter v. United States*, 887 F.3d 785, 788 (6th Cir. 2018). As a result, a defendant can properly receive an ACCA-enhanced sentence post-*Johnson* based either on the statute's use-of-force clause or enumerated-offense clause. *United States v. Priddy*, 808 F.3d 676, 683 (6th Cir. 2015); *see also United States v. Taylor*, 800 F.3d 701, 719 (6th Cir. 2015) (affirming ACCA sentence where prior convictions qualified under use-of-force and enumerated-offense clauses).

Here, Petitioner argues that his previous Tennessee convictions for other-than-a-habitation burglary and for aggravated burglary no longer qualify as predicate offenses in light of *Johnson*. But each of Petitioner's previous convictions qualify as predicate offenses under the enumerated-offense clause of the ACCA, so relief is not warranted.

### A. Other-than-a-habitation burglary

The Tennessee burglary statute under which Petitioner was convicted provides that an individual commits burglary when, "without the effective consent of the property owner" he "enters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft or assault[.]" Tenn. Code Ann. § 39-14-402(a)(1).

A burglary offense constitutes a predicate offense for purposes of the ACCA when the offense's statutory definition substantially corresponds to the "generic" definition of

4

burglary, which the Supreme Court has defined as "any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990).

Binding Sixth Circuit precedent holds that a violation of § 39-14-402(a)(1) constitutes generic burglary, such that a violation of that part of the statute is a violent felony under the enumerated-offense clause of the ACCA. *United States v. Priddy*, 808 F.3d 676, 683 (6th Cir. 2015).[2] Therefore, Petitioner's argument that his two burglary convictions can no longer serve as ACCA predicates in light of *Johnson* fails to warrant § 2255 relief.

### B. Aggravated burglary

Under Tennessee law, aggravated burglary is the burglary of a habitation as defined in the statute. Tenn. Code Ann. § 39-14-403(a). The Supreme Court has held that aggravated burglary under Tennessee law is generic burglary within the meaning of the ACCA. *United States v. Stitt*, 139 S. Ct. 399, 406–07 (2018). Accordingly, Petitioner's aggravated-burglary conviction likewise remains a conviction for a violent felony post-*Johnson* under the enumerated-offense clause of the ACCA.

---

[2] *Priddy*'s holding with respect to burglary (as opposed to aggravated burglary) remains controlling law, subsequent procedural developments notwithstanding. *See United States v. Stitt*, 860 F.3d 854, 860 (6th Cir. 2017) (en banc) (abrogating *Priddy*'s aggravated-burglary holding), rev'd, 139 S. Ct. 399, 202 L. Ed. 2d 364 (2018).

## III. CONCLUSION

For the reasons set forth above, the Court finds that post-*Johnson* all three of Petitioner's previous Tennessee convictions remain predicate offenses under the enumerated-offense clause of the ACCA. Accordingly, Petitioner's § 2255 motion [Doc. 1] will be **DENIED**, and this action will be **DISMISSED WITH PREJUDICE**. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will be **DENIED**, should Petitioner file a notice of appeal. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). And because any appeal from this action would not be taken in good faith and would be frivolous, any application by Petitioner for leave to proceed *in forma pauperis* on appeal will be **DENIED**. *See* Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

                          s/ Thomas A. Varlan
                          UNITED STATES DISTRICT JUDGE